**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHARON NATHAN, | ) | |
| Plaintiff, | ) | 1:09-cv-4497 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| FRANKLIN CREDIT SOLUTIONS VINTAGE II, | ) | |
| and RESURGENCE FINANCIAL, LLC, | ) | |
| Defendants. | ) | |

**COMPLAINT – CLASS ACTION**

1.      Plaintiff Sharon Nathan ("plaintiff"), brings this action to secure redress for

unlawful debt collection practices by Franklin Credit Solutions Vintage II ("Franklin") and

Resurgence Financial, LLC ("Resurgence"), both debt buyers  and debt collectors, in violation of

the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692  et seq. ("FDCPA"), the Illinois

Consumer Fraud Act, 815 ILCS 505/2 et seq. and common law unjust enrichment and

negligence.

2.      Specifically, Franklin purchased and sold a debt allegedly owed by plaintiff in

October 2008, and then hired a debt collection agency to collect the debt even though it did

not own the right to collect.  Resurgence ultimately wound up with the supposed right to

collect the debt.  When Resurgence sued plaintiff in Lake County, Illinois, it attached a

hodgepodge of "Bill of Sale" documents to the collection complaint that could not possibly have

applied to plaintiff's account given the dates and assignors/assignees listed.

3.      When plaintiff Nathan protested to Resurgence, Resurgence stated that it unequivocally had the right to collect the debt, and suggested that plaintiff release it and all previous owners and collectors on the debt, or face judgment in Lake County.

## JURISDICTION

4.      This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15 U.S.C. §1692k (FDCPA), and 28 U.S.C. § 1367(a) over the state law claims, which arise out of the same facts and circumstances as the federal claims.

5.      Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here.

## PARTIES

6.      Plaintiff is an individual who resides in this District.

7.      Franklin Credit Solutions Vintage II is a New York corporation with its principal office in Buffalo, New York. Franklin purchased plaintiff and the class members' alleged debts when they were already in default, with the purpose and intent to either sell the debt to another debt buyer, or to collect the debt itself, or both.  Franklin is a debt collector under the FDCPA.

8.      Resurgence Financial, LLC is a debt collection agency with its principal office at 4100 Commercial Ave., Northbrook, IL 60062.  Resurgence is a debt collector under the FDCPA.

## FACTS

9.      This case concerns consumer debt that was being collected by two debt collectors at the same time.

10.     Plaintiff paid the debt in question to a third debt collection agency that had been hired by Franklin, "Mercantile Adjustment Bureau," over a series of installments in 2008 and early 2009.

11.     Nevertheless, Resurgence sued plaintiff in the Circuit Court for Lake County, Illinois, case number 09 SC 1840, for the same debt.  That case was filed in February, 2009.

12.     Plaintiff Sharon Nathan was distraught when faced with a lawsuit for a debt that she was already paying to another company.  She hired counsel to defend the Lake County action.

13.     Nathan's counsel sent a cease and desist letter to Resurgence, and requested that Resurgence dismiss the collection action with prejudice because Nathan had already paid the debt to another collection agency.  Resurgence in response sent a letter explaining that it had title to the debt, and that it would proceed with the case.  Resurgence then sent a communication offering to settle the state court collection case for a mutual general release. As part of the proposed mutual general release, plaintiff would have had to release all assignees of the alleged debt, including Franklin.  Plaintiff was not willing to do so.

14.     On April 1, 2009, Resurgence dismissed the collection action with prejudice.

15.     Upon information and belief, Franklin believed that it purchased the right to collect the alleged defaulted debts of plaintiff and the class as defined herein, in October 2008.

16.     Upon information and belief, within ten days thereof, Franklin sold any rights it had to another debt buyer.  Upon information and belief, that debt buyer was GT Services, Inc.

17.     Franklin did not have the right to collect the debt of plaintiff at any time after November 1, 2008.

3

**CLASS ALLEGATIONS**

18.     Plaintiff brings Counts I, II III and IV on behalf of a class.  The class is defined as:

**All persons, wherever located, who were part of the same portfolio of MBNA debts that the alleged debt of plaintiff was part of, for which collection was attempted by or on behalf of Franklin at any time after it had transferred title for the debt to another company, from whom Franklin collected any money at any time on or after November 1, 2008.**

19.     Upon information and belief, there are more than 50 members of the proposed class; sufficient to satisfy the numerosity requirement.

20.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including plaintiff.  Such questions common to the Class include, but are not limited to:

    a.     Whether Franklin was entitled to collect the debts after November 1, 2008; and

    b.     Damages.

21.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims against defendant vigorously, and has retained counsel competent and experienced in class and complex litigation.

22.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

23.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

24.     The identity of the class is likely readily identifiable through a comparison of defendants' records.

25.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

26.     Plaintiff has been damaged as a result of the violation(s).

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

a.     Statutory and actual damages;

b.     Attorney's fees and costs of suit;

c.     Any other relief the court deems proper.

### COUNT I - FDCPA

27.     Plaintiff incorporates all previous paragraphs.  This Count is against Franklin.

28.     Defendant's statements violated 15 U.S.C. §§ 1692e, which generally prohibits false representations in connection with collection of a debt.

29.     15 U.S.C. § 1692e provides:

**§ 1692e. False or misleading representations**
**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

30.     Franklin made material false statements when it directed Mercantile to collect the debt from plaintiff.

31.     Defendant's statements violated 15 U.S.C. §§ 1692e generally prohibits false representations in connection with collection of a debt.

WHERFORE, plaintiff requests this Honorable Court enter judgment in favor of Plaintiff and against defendant for:

a.      Statutory damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other relief as the Court deems proper.

**COUNT II - Illinois Consumer Fraud Act**

32.     Plaintiff incorporates all previous paragraphs.  This Count is against Franklin.

33.     Collecting a debt that you do not have the legal right to collect is a violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2.  In doing so, Franklin and/or Resurgence made material false statements and/or omissions as to the status of the plaintiff and class members' debts.

34.     It is also unconscionable and against public policy to collect, or attempt to collect, a debt that you do not have the legal right to collect.  Defendants' actions are therefore also unfair under the ICFA.

WHERFORE, plaintiff requests this Honorable Court enter judgment in favor of Plaintiff and against defendant for:

a.     Actual and punitive damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other relief as the Court deems proper.

### COUNT III - UNJUST ENRICHMENT

35.     Plaintiff incorporates all previous paragraphs.  This Count is against Franklin.

36.     Franklin collected money it was not legally entitled to collect.  That defendant has been unjustly enriched to the detriment of plaintiff and the class.

WHERFORE, plaintiff requests this Honorable Court enter judgment in favor of Plaintiff and against defendant for:

a.     An order directing Franklin to return all monies unjustly obtained; and

b.     Such other relief as the Court deems proper.

### COUNT IV - NEGLIGENCE

37.     Plaintiff incorporates all previous paragraphs.  This Count is against Franklin.

38.     Franklin had a duty to plaintiff and the class not collect money from them that it was not entitled to collect.

39.     Franklin breached that duty to plaintiff and the class.  Franklin's breach of this duty proximately caused plaintiff and the class to be damaged.

WHERFORE, plaintiff requests this Honorable Court enter judgment in favor of Plaintiff and against defendant for:

      a.      Compensatory damages;

      b.      Such other relief as the Court deems proper.

## **COUNT V - FDCPA**

40.      Plaintiff incorporates paragraphs 1 through 17.  This Count is against Resurgence.

41.      Resurgence made material false statements during the litigation in Lake County, Illinois.  It attached affidavits to its verified complaint that could not possibly have been correct. This constituted a violation of §1692e.

42.      As an alternative to Counts I through IV, Resurgence did not have the legal right to collect the debt from plaintiff.  Attempting to collect a debt that you do not have the legal right to collect also violates  §1692e.

WHERFORE, plaintiff requests this Honorable Court enter judgment in favor of Plaintiff and against defendant for:

      a.      Statutory and actual damages;

      b.      Attorney's fees and costs of suit; and

      c.      Such other relief as the Court deems proper.

Respectfully submitted,

Alexander H. Burke

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288

(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com


### JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

Alexander H. Burke

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com


### NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

Alexander H. Burke


### DOCUMENT PRESERVATION REQUEST

Plaintiff hereby requests that the defendants take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party called in association with any account or file associated with plaintiff or the putative class members, and any account or number relating to any of them. These materials are very likely relevant to the litigation of these claims. This demand shall not narrow the scope of any independent document preservation duties of the defendants.